IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH;<br><br>                    Plaintiff,<br><br>          vs.<br><br>MARLA SCHNELL, Chief of Police of David City Police Department, in her individual capacity and official capacity;<br><br>                    Defendant. | **4:25CV3059**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Brendan Welch, a non-prisoner proceeding in forma pauperis,[1] filed a pro se Complaint on March 13, 2025.  Filing No. 1.  The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging official and individual capacity claims against sole defendant Marla Schnell ("Schnell"), Chief of Police of David City Police Department, resulting from a traffic stop which occurred on the morning of March 11, 2025.  Filing No. 1 at 2, 4.  The entirety of Plaintiff's claims as set forth in his Complaint, which this Court construes as alleging First and Fourth Amendment violations, reads as follows:

> Marla Schnell acted under color of both local and state law; overreaching her authority; Marla Schnell engaged me in a traffic stop; falsely accusing me of being under the influence due to imbalance caused by deep injuries to my knees and arms in a crash

---

[1] On March 18, 2025, Plaintiff was granted leave to proceed in forma pauperis.  Filing No. 5.

on March 3rd, 2025. She made a false arrest or attempted to do same; as well as unlawful/illegal searches of my mobile office and property therein. Proof is on her body camera as well as attached in a Notice of Intent to Offer Documents.

. . .

I was falsely accused and arrested of suspected DUI. The following statements were read to the arresting officer, Marla Schnell; Chief of Police. "I do not wish to speak with you, answer your questions or sign or hand you any documents based on my 5th Amendment Rights under the United States Constitution. I do not give you permission to enter my home, mobile office or vehicle based on my 4th Amendment rights under the United States Constitution unless you have a warrant to enter, signed by a judge or magistrate with my name on it that you slide under the door or present to me. I do not give you permission to search any of my belongings based on my 4th Amendment rights. I choose to exercise my constitutional rights." However, Marla still unlawfully searched my property, mobile office and vehicle without a warrant. Upon initial inspection after recovery of my vehicle; on March 12th, 2025, I found that Marla had opened and illegally searched my backpack and basket in between the seats of the cargo van. As well as my medical supplies, laptop and the box it was in.

Filing No. 1 at 4 (spelling corrected).

Plaintiff alleges no injuries and seeks $100,000 for "infliction of emotional of distress" and reprimand and/or suspension of Schnell.[2] *Id.* at 5.

---

[2] "Courts do not have authority to terminate the employment of individual Defendants." *Johnson v. MCF - St. Cloud*, No. CV 22-1299 (JRT/BRT), 2022 WL 17723807, at *6 (D. Minn. Nov. 10, 2022), report and recommendation adopted sub nom. *Johnson v. MCF-St. Cloud*, No. CV 22-1299 (JRT/LIB), 2022 WL 17721510 (D. Minn. Dec. 15, 2022) (citing *Kendrick v. Faust*, No. 1:07CV00025JMMBD, 2009 WL 1972249, at *2 (E.D. Ark. July 8, 2009) ("Finally, several of Plaintiff's requests, including the termination of certain Defendants' employment from the ADC, are matters to be decided by prison personnel, not the courts."); *Nicholas v. Heffner*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order . . . the termination of [the defendants'] employment."); *Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" as the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]")).

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff brings his official and individual capacity claims against Schnell under 42 U.S.C. § 1983. Filing No. 1 at 3. To state a such a claim, a

---

Therefore, to the extent Plaintiff seeks termination of Schnell's employment or other reprimands, such relief is outside the scope of this Court's authority.

plaintiff must allege a violation of rights protected by the United States
Constitution or created by federal statute and also must show that the alleged
deprivation was caused by conduct of a person acting under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's claims arise from police officer Schnell's stopping
Plaintiff while driving a motor vehicle for suspicion of operating the vehicle
while under the influence. Filing No. 1 at 4. The stop resulted in Schnell's
search of Plaintiff's vehicle without a warrant and Plaintiff's warrantless
arrest. *Id.*

As an initial matter, where claims are made against a officer defendant
in their official capacity, such claims are construed as filed against the officers'
employing entity, which here is David City. *Elder-Keep v. Aksamit*, 460 F.3d
979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity
is actually a suit against the entity for which the official is an agent."); *Parrish
v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their
official capacity are just another method of filing suit against the entity. A
plaintiff seeking damages in an official-capacity suit is seeking a judgment
against the entity." (citation omitted)).

A city may only be liable under section 1983 if its "policy" or "custom"
caused a violation of a plaintiff's constitutional rights. *Doe By and Through
Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v.
Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Plaintiff does not
allege any policy or custom of David City caused his injuries. *See generally*
Filing No. 1. As such, Plaintiff failed to allege a plausible claim for relief
against defendant Schnell in her official capacity, and Plaintiff's official
capacity claim against Schnell must be dismissed.

4

The United States Supreme Court has long held that a law enforcement officer "can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause" under the Fourth Amendment. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1a, 30 (1968)). The constitutionality of a traffic stop depends upon whether the officer had an objectively reasonable belief that a law had been violated. *United States v. Washington*, 455 F.3d 824, 827 (8th Cir. 2006).

"[I]f the investigating officer discovers information leading to reasonable suspicion, he may justifiably extend the stop." *United States v. Anguiano*, 795 F.3d 873, 876 (8th Cir. 2015) (quoting *United States v. Quintero-Felix*, 714 F.3d 563, 567 (8th Cir. 2013)). "In determining whether an officer had reasonable suspicion based on specific, articulable facts, we 'look at the totality of the circumstances, allowing officers to draw on their experience and training.'" *United States v. Lawhorn*, 735 F.3d 817, 820 (8th Cir. 2013) (quoting *United States v. Hughes*, 517 F.3d 1013, 1016 (8th Cir. 2008)). The subjective intent of the police officer is not relevant. *Atwater v. City of Lago Vista*, 532 U.S. 318, 363 (2001) (citing *Whren v. United States*, 517 U.S. 806, 818 (1996)).

Here, Plaintiff does not describe any facts which would indicate Schnell lacked reasonable suspicion to stop or arrest him. Rather, he alleges only that as a result of "deep injuries to [his] knees and arms", he was imbalanced during what appears to be a field sobriety test presumably instituted by Schnell during the stop, which made Schnell believe Plaintiff was under the influence, resulting in Plaintiff's arrest. *Id.*

That actually suggests that Schnell may have had probable (if mistaken) cause to arrest Plaintiff after the stop. But it neither sufficiently alleges nor

precludes the possibility that there was no legal justification for the stop in the first place. Plaintiff does not, for instance, allege that he was abiding by the rules of the road before he was pulled over. He does not allege what (if anything) he was told by Schnell about the reason for the traffic stop. Absent such allegations, Plaintiff has not alleged facts suggesting that the traffic stop was unlawful. But because the Court cannot rule out that possibility, the Court will permit the Plaintiff an opportunity to replead this claim.

Finally, the fact that Plaintiff may have protested the validity of the stop, the search of his vehicle or his person, and/or his arrest does not automatically render any action by Schnell a violation of Plaintiff's First Amendment right to peaceful protest as Plaintiff alleges. *See* Filing No. 1 at 4. While it is a "violation of foundational First Amendment rights to forcibly end a peaceful protest in a traditional public forum" a First Amendment violation occurs only when there is no legitimate justification for terminating the protest. *See*, *e.g.*, *Black Lives Matter D.C. v. Trump*, 544 F. Supp. 3d 15, 45 (D.D.C. 2021), *aff'd sub nom. Buchanan v. Barr*, 71 F.4th 1003 (D.C. Cir. 2023). Put another way, where there is legitimate justification for a law enforcement officer's action, the termination of an arrestee's protest due to that legitimate action does not create a First Amendment violation. *Butler v. Jeffers*, No. 4:24CV3002, 2025 WL 815325, at *2 (D. Neb. Mar. 14, 2025).

Accordingly, the viability of Plaintiff's First Amendment claims rest, at least in part, on the Fourth Amendment claim the Court is affording him leave to replead.

IT IS THEREFORE ORDERED THAT:

1.    Plaintiff's claims against Schnell in her official capacity are dismissed.

2.    Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In his amended complaint, Plaintiff must comply with federal pleading requirements.  Plaintiff should be mindful to describe the circumstances of the traffic stop, and what occurred both before and after he was pulled over.

3.    The Clerk's Office is further directed to send to Plaintiff a copy of the non-prisoner complaint for violation of civil rights form.

4.    In the event Plaintiff files an amended complaint, he shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5.    The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

6.    The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 28, 2025**: amended complaint due.

Dated this 26th day of June, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7