IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, <br><br> Plaintiff, <br><br> vs. <br><br> MARLA SCHNELL, Chief of Police of David City Police Department, in her Individual capacity and official capacity; <br><br> Defendant. | 4:25CV3059 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Brendan Welch's amended complaint against Marla Schnell, in her official and individual capacities. Filing No. 11. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated herein, the matter will proceed to service of process.

## I. BACKGROUND

Plaintiff's initial complaint was filed on March 13, 2025. Filing No. 1. Upon initial review, the Court dismissed Plaintiff's claims against Defendant Schnell, in her official capacity, concluded Plaintiff had failed to state a claim against Schnell, in her individual capacity, and afforded Plaintiff an opportunity to file an amended complaint. Filing No. 6. Plaintiff's amended complaint, Filing No. 11, was timely filed on August 19, 2025, and is now subject to initial review.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff sues Schnell, the Chief of Police for David City, Nebraska, in her official and individual capacities. Filing No. 11 at 2.

As stated in the Court's prior order, Plaintiff's claims against Schell, in her official capacity, are claims against David City, Nebraska, a municipality. The prior order explained that David City may be found liable under 42 U.S.C. §1983 only if its policy or custom caused a violation of Plaintiff's constitutional rights. Filing No. 6 at 4. Since Plaintiff's amended complaint does not allege any policy or custom of David City caused his injuries, he has failed to allege a plausible § 1983 claim against Schnell, in her official capacity, and Plaintiff's official capacity claim against Schnell must be dismissed.

In support of his complaint against Schnell, in her individual capacity, Plaintiff alleges that on March 11, 2025, Schell conducted a traffic stop of the vehicle he was driving. Schnell told Plaintiff the vehicle was stopped based on reports from citizens stating it was swerving on the road. Plaintiff alleges this statement was false; he was "driving fine." Filing No. 11 at 5. Apparently, a field sobriety test was conducted, during which Plaintiff was unable to balance, allegedly due to knee and arm injuries he sustained in a motorcycle crash on March 3, 2025. Schnell concluded Plaintiff was under the influence and, over Plaintiff's strong objection, searched Plaintiff's vehicle and its contents. *Id*.

Plaintiff alleges Schnell forced Plaintiff to go to a hospital. He claims Schnell then conspired with the doctor to prevent him from driving and when he was discharged, detained him at the police station for several hours before returning his driver's license and releasing him. *Id*.

Plaintiff alleges Schnell violated his Fourth Amendment rights by unlawfully stopping his vehicle, searching it without probable cause or Plaintiff's consent, and seizing and falsely imprisoning him without probable cause. As alleged, Schnell stopped Plaintiff's vehicle based solely on

4

anonymous citizen reports of a swerving vehicle. If, as Plaintiff's complaint suggests, Schnell stopped Plaintiff's vehicle based on a bare-bones anonymous tip, Plaintiff may have a valid claim that his Fourth Amendment rights were violated. *See United States v. Wheat*, 278 F.3d 722, 729 (8th Cir. 2001). Plaintiff's complaint states a plausible § 1983 claim for violation of Plaintiff's Fourth Amendment rights.

Plaintiff further requests recovery on a Nebraska state law claim of intentional infliction of emotional distress. Filing No. 11 at 9.

> To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege facts showing (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

*Heitzman v. Thompson*, 705 N.W.2d 426, 430–31 (Neb. 2005).

"Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case." *Heitzman*, 705 N.W.2d at 431. Considered objectively, Plaintiff's traffic stop was not unique; countless motorists have experienced what Plaintiff's complaint describes. Plaintiff explains, "I do not do well in jails, police stations nor hospitals, I get distressed and anxious." Filing No. 11 at 9. But this subjective response does not render the traffic stop, search, and seizure objectively outrageous or extreme, nor does Plaintiff's amended complaint describe an emotional response "so severe that no reasonable person should be expected to endure it." *Heitzman*, 705 N.W.2d at 430-431. Plaintiff's amended complaint fails to state a claim for intentional infliction of emotional distress.

Plaintiff's complaint demands damages and a public apology. The requested apology is not an available court-ordered remedy for a violation of 42 U.S.C. § 1983.

## IV. CONCLUSION

Plaintiff's Amended Complaint, Filing No. 11, does not state a claim for intentional infliction of emotional distress. However, it does state a possible claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights. However, **the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto**. This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint may proceed to service of process against Marla Schnell, in her individual capacity.

2. For service of process on Marla Schnell, in her individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Marla Schnell using the following address: David City Police Department, 490 E Street, David City, NE 68632, and forward them together with a copy of the Amended Complaint, Filing No. 11, and a copy of this Memorandum and Order to the United States Marshals Service.

3. The Marshals Service shall serve Marla Schnell, in her individual capacity, by certified mail or other authorized method of service at the David City Police Department address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

4. For service by certified mail or designated delivery service, the Marshals Service shall serve the defendant within ten days of the Clerk of the

Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Marla Schnell.

7. Plaintiff is hereby notified that failure to obtain service of process on Marla Schnell within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **January 5, 2026**: service of process to be completed.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 6th day of October, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

7