IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH,

    Plaintiff,

vs.

MARLA SCHNELL, Chief of Police of David City Police Department, in her Individual capacity and official capacity;

    Defendant.

4:25CV3059

ORDER

This matter is before the court on Plaintiff's Petition and Motion for Court-Appointed Counsel. (Filing No. 16). In his amended complaint, Plaintiff alleges Defendant violated his Fourth Amendment rights by unlawfully stopping his vehicle, searching it without probable cause or his consent, and seizing and falsely imprisoning him without probable cause. (Filing No. 11). In the instant motion, Plaintiff states that although he has real-world experience related to criminal justice and the law, he fears retaliation for filing suit and would like counsel appointed to assist him in getting "a Personal Recognizance Bond, [getting] the charges dismissed and/or help me file an additional civil rights violation complaint against Marla Schnell or one of her employees." (Filing No. 16, at para. 2). Plaintiff further states that it has been impossible for him to find a civil rights attorney to represent him and regardless, he is financially unable to hire an attorney. (Filing No. 16, at para. 3). He further bases his request for court-appointed counsel on concerns for "his

safety, well-being, and freedoms" under the U.S. Constitution and the laws of the State of Nebraska. (Filing No. 16, at para. 5).

The plaintiff has no right to an attorney in this proceeding, because it is civil, not criminal. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). But the Court may request an attorney to represent a person who is unable to afford an attorney. 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *see generally Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). The Court must consider the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Ward*, 721 F.3d at 942; *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Court may also consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain an attorney. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996 (8th Cir. 1983)).

After initial review, the district court found that Plaintiff's Amended Complaint states a possible claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights, allowing this matter to proceed to service. (Filing No. 12). However, the court also finds that this remaining claim is relatively straightforward, and the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice Plaintiff's motion to appoint counsel.

To the extent Plaintiff is also requesting counsel for any potential state court criminal matter arising from or related to the facts of this case, this court declines to do so. It is unclear based on the pleadings if any criminal charges have been filed against the Plaintiff. Regardless, the state court in which criminal charges are filed should determine the appropriateness of an appointment of defense counsel for an indigent defendant.

Accordingly,

IT IS ORDERED that Plaintiff's Petition and Motion for Court-Appointed Counsel (Filing No. 16) is denied.

Dated this 21st day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge